E-FILED
Monday, 07 January, 2019  03:45:56 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

AILEEN CONLEY,

       Plaintiff,

vs.                                   Case No.

AUTONOMOUS STUFF LLC, an
Illinois Limited Liability Company,

       Defendant.

## COMPLAINT

NOW COMES the Plaintiff, AILEEN CONLEY, by and through her attorneys, WILLIAM W.P. ATKINS AND JOHNSON, BUNCE & NOBLE, P.C., complaining of Defendant, AUTONOMOUS STUFF LLC, an Illinois Limited Liability Company, (hereinafter, "AUTONOMOUS"), and alleges as follows:

### JURISDICTION

1.     The jurisdiction over this claim is based on 28 U.S.C. § 1331. Plaintiff alleges that the Defendant discriminated against Plaintiff because of Plaintiff's sex, in violation of the Civil Rights Act of 1984, 42 U.S.C. § 2000e-2(a)(1).

### VENUE

2.     Venue is proper in this court pursuant to 29 U.S.C. §§ 621 to 634. The claim arose in Tazewell County, Illinois.

3.     The incidents complained of occurred from January 7, 2017 until October 24, 2017, primarily in the City of Morton, County of Tazewell, and State of Illinois.

### PARTIES

4.     Plaintiff is a citizen of the United States and resident of Tazewell County, Illinois. Plaintiff resides in Pekin, Illinois.

5.     Defendant, AUTONOMOUS, is an Illinois limited liability company doing business at 306 Erie Ave., Morton, IL 61550.

### FACTUAL AND GENERAL ALLEGATIONS

6.     At all times relevant, Ms. Conley was a female employee of AUTONOMOUS.

7. Plaintiff has filed a charge before the United States Equal Opportunity Commission (EEOC) relating to this claim of employment discrimination.

8. Plaintiff received a right to sue notice from EEOC on October 12, 2018. See attached Exhibit A.

9. The Defendant intentionally discriminated against Plaintiff from January 7, 2017 through and including October 24, 2017 when Plaintiff's employment was unlawfully terminated. Plaintiff's termination was the continuation of a series of earlier acts of discrimination against Plaintiff in 2017.

10. Plaintiff was hired by Defendant on or about November 30, 2015. She was employed as a Marketing Associate. Duties of that position included maintaining the company website and preparing social media and newsletter materials and attending tradeshows. Ms. Conley performed all of these duties as required.

11. On January 7, 2017, while attending a tradeshow on behalf of AUTONOMOUS, Ms. Conley engaged in social drinking with other employees of AUTONOMOUS, including Josh Whitley and Holly Tatum.

12. After Ms. Conley became intoxicated, she was forced to leave the venue where she and her fellow employees had been drinking.

13. Mr. Whitley escorted Ms. Conley back to their hotel where he proceeded to have sex with her when she was too intoxicated to consent.

14. Other employees, including Ms. Conley's immediate supervisor, Holly Tatum, were present when Ms. Conley became intoxicated and were made aware the next morning that there had been a sexual encounter between Mr. Whitley and Ms. Conley.

15. Ms. Conley proceeded to have numerous conversations with her immediate supervisor, Holly Tatum, regarding this incident and further incidents with Mr. Whitley continuing to harass Ms. Conley. Ms. Tatum discouraged Ms. Conley from filing a formal complaint and did not take any action to protect Ms. Conley from this continuing harassment.

WHEREFORE, the Plaintiff, AILEEN CONLEY, respectfully requests this Honorable Court grant the following relief to the Plaintiff:

A. Grant the Plaintiff lost wages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees; and

B.      Grant such other relief as the Court may find appropriate.

## COUNT I – SEXUAL HARASSMENT

16.     Plaintiff re-alleges, restates, and incorporates Paragraphs 1-15 of this Complaint as Paragraph 16 of Count I as it is fully set forth herein.

17.     The harassment by Mr. Whitley continued and Ms. Conley continued reporting the incidents to her supervisor, Ms. Tatum.  These reports by Ms. Conley to Ms. Tatum continued from Ms. Tatum's initial awareness of the incident on or about January 7, 2017 until at least June 1, 2017 with no action taken by Ms. Tatum or other members of AUTONOMOUS management.

18.     Despite repeated complaints, Ms. Tatum scheduled Ms. Conley to travel with Mr. Whitley to a trade show on August 14-16, 2017.

WHEREFORE, the Plaintiff, AILEEN CONLEY, respectfully requests this Honorable Court grant the following relief to the Plaintiff:

A.      Grant the Plaintiff lost wages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees; and

B.      Grant such other relief as the Court may find appropriate.

## COUNT II – DISCHARGE – RETALIATION

19.     Plaintiff re-alleges, restates, and incorporates Paragraphs 1-18 of this Complaint as Paragraph 19 of Count II as it is fully set forth herein.

20.     On October 24, 2017, Ms. Conley was discharged by Holly Tatum.  The reason given for the discharge was "expressing discontent and repeatedly making mistakes."

21.     Ms. Conley did not make the "repeated mistakes," which were alleged by Ms. Tatum as a pretext to fire Ms. Conley for complaining of sexual harassment. The only discontent expressed by Ms. Conley were her repeated complaints of sexual harassment.

22.     The timing of the discharge and the statement by Ms. Tatum that it was due to Ms. Conley's expression of discontent demonstrate the employer's intent to discharge Ms. Conley in retaliation for her complaints of sexual harassment.

WHEREFORE, the Plaintiff, AILEEN CONLEY, respectfully requests this Honorable Court grant the following relief to the Plaintiff:

A.      Grant the Plaintiff lost wages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and

expert witness fees; and

B.    Grant such other relief as the Court may find appropriate.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully Submitted,

AILEEN CONLEY, Plaintiff

By: s/ *William W.P. Atkins*
One of her Attorneys

William W. P. Atkins, Attorney
Johnson, Bunce & Noble, P.C.
Executive Offices - Parkway Plaza
7800 N. Sommer St., Suite 425
Peoria, IL 61615
Phone: (309) 691-9650
Fax: (309) 691-9651
Email: watkins@peorialawyers.com
Secondary Email: service@peorialawyers.com
Firm No. 47

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Aileen Conley
c/o William W.P. Atkins, Esq.
Johnson, Bunce & Noble, P.C.
7800 N. Sommer Street, Suite 425
Peoria, IL  61615

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2018-00658 | Daniel Lim, State & Local Coordinator | (312) 869-8082 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman*/dll

10/10/2018

Julianne Bowman,
District Director

(Date Mailed)

Enclosures(s)

cc: AUTONOMOUS STUFF LLC
c/o Abby Clark, Esq.
Davis & Campbell LLC
401 Main Street, Suite 1600
Peoria, IL  61602

EXHIBIT

A